# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA RUBIO, | § § | |
| *Plaintiff,* | § § | |
| VS. | § | CIVIL ACTION 4:13-CV-03700 |
| | § § | |
| CAROLYN W COLVIN, | § § | |
| *Defendant.* | § § | |

## ORDER

Pending before the Court is the Application for Attorneys' Fees of Plaintiff Maria Rubio. Doc. 36. Considering the Motion, all responses and replies thereto, and the applicable law, this Court concludes that the Motion should be **granted**.

## I. BACKGROUND

Maria Rubio filed an application for Title II disability insurance and Title XVI supplemental security income benefits. The application was denied initially and upon reconsideration. The ALJ conducted a hearing and denied her application, and the Appeals Counsel denied review. Subsequently, Rubio filed this action contesting the Commissioner of the Social Security Administration of the United States' ("Commissioner") decision to deny her application.

Rubio filed her motion for summary judgment on August 1, 2014. Doc. 28. Subsequently, the Commissioner filed an unopposed motion for remand requesting that that Court reverse and remand the case for further administrative proceedings. Doc. 32. The Court granted that motion and the case was accordingly remanded pursuant to

sentence four of the Social Security Act 42 U.S.C. § 405(g) for further proceedings. Doc. 33. Rubio now seeks her attorneys' fees under the Equal Access to Justice Act ("EAJA").

## II. LEGAL STANDARD

The EAJA provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Because this suit was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), Rubio is deemed a "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); *Murkeldove v. Astrue*, 635 F.3d 784, 792 (5th Cir. 2011). Notably, the Commissioner does not contest that Rubio is entitled to an award of EAJA fees in this case, but instead only requests that all fees be paid directly to Rubio, rather than her attorneys. Doc. 39; *Astrue v. Ratliff*, 560 U.S. 586, 589, 130 S. Ct. 2521, 2524, 177 L. Ed. 2d 91 (2010) (stating, "a § 2412(d) fees award is payable to the litigant. . .").

## III. ANALYSIS

Although Congress capped the statutory hourly rate for attorneys' fees at $125.00 in March 1996, this rate is typically adjusted upward to reflect increases in the cost of living since that time. *See* 28 U.S.C. § 2412(d)(2)(A); *Washington v. Barnhart*,

93 F. App'x 630, 631 (5th Cir. 2004). Rubio argues that $181.32 is the appropriate hourly rate for attorneys' fees accumulated in 2013, and $185.91 is the appropriate hourly rate for attorneys' fees accumulated in 2014.

Rubio calculates these hourly rates by using the United States Department of Labor, Bureau of Labor Statistics Consumer Price Index for all Urban Consumers. The Commissioner does not contest these rates. Accordingly, pursuant to 28 U.S.C. § 2412(d)(2)(A), the Court finds that the appropriate hourly rates are $181.32 for all 2013 fees, and $185.91 for all 2014 fees.

The total number of hours for which Rubio seeks attorney's fees is 8.25 hours for services rendered in 2013 (totaling $1,495.89) and 9.75 hours in 2014 (totaling $1,812.62). Additionally, she requests $378.13 in costs, for a total award of $3,686.64 to be paid by the Commissioner. The Commissioner does not dispute the reasonableness of hours expended or costs incurred in this case.

**IT IS HEREBY ORDERED** that the Plaintiff's Amended Motion for Application for Award of Reasonable Attorneys' Fees and Expenses Pursuant to 28 U.S.C. § 2412 is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that the Commissioner shall tender to Plaintiff the amount of $3,686.64 within thirty (30) days of entry of this Order.

SIGNED at Houston, Texas on October 20, 2014.

*George C. Hanks*
**GEORGE C. HANKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**